**James BROWN, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Defendant.**

**Civ. A. No. 82–555–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 3, 1982.

Robert M. White, White & Selkin, Norfolk, Va., for plaintiff.

Hill B. Wellford, Michael H. Corley, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM ORDER

CLARKE, District Judge.

### I.

On May 1, 1979, the defendant, United Parcel Services, Inc. (UPS), and Local Lodge 1486 of the International Association of Machinists and Aerospace Workers entered into a collective bargaining agreement. Article Six of the agreement established a procedure under which employee grievances could be resolved in a final and binding fashion. In negotiating the agreement, Local 1486 acted as agent for the plaintiff and all other similarly situated UPS employees. Both parties to the present action stipulate that the collective bargaining agreement was in full force and effect at the time that the events of which the plaintiff complains transpired.

The uncontroverted affidavit of Mr. Roy Sjoblom, Automotive Manager of UPS's Virginia district, indicates that on April 13, 1981, Sjoblom received a report from the plaintiff's immediate supervisor indicating that Brown's negligent performance of his duties had caused serious damage to a company vehicle. On April 14, Mr. Sjoblom traveled to Brown's place of employment to conduct a meeting concerning the plaintiff's job performance. At the conclusion of the meeting, Mr. Sjoblom orally informed the plaintiff, in the presence of the Union business agent, that his employment was terminated effective immediately. The Union business agent orally protested Brown's discharge and invoked the grievance and arbitration procedures of Article Six of the Collective Bargaining Agreement. On April 27, 1981, Sjoblom and the business agent met to discuss Brown's termination and reached a mutually agreeable settlement of the matter under which the plaintiff's termination was reduced to a two-week suspension without pay and the plaintiff was to be reinstated to his old position. When informed that an agreement had been reached, Brown indicated that he was seeking employment in the Norfolk area and would not return to UPS.

On July 13, 1982, more than one year after the agreed settlement, the plaintiff brought an action in the Circuit Court of the City of Norfolk predicating a claim for monetary damages upon an allegation that the defendant had breached the Collective Bargaining Agreement. Arguing that the plaintiff sought to recover for breach of an employment contract entered into between an employer engaged in an industry affecting intrastate commerce and a labor organization, the defendant maintained that this Court had subject matter jurisdiction under § 301 of the Labor Management Relations Act (LMRA). *See* 29 U.S.C. § 185(a). Consequently, the defendant invoked 28 U.S.C. § 1441(a) and petitioned for removal from the state court to this court. In addition, the defendant filed a motion to dismiss in this Court on the ground that the plaintiff's claim is barred under the Virginia statute of limitations governing the vacation of arbitration awards. Alternatively, the defendant submits that the plaintiff's claim is

barred under the limitations period in § 10(b) of the National Labor Relations Act. *See* 29 U.S.C. § 160(b). As the defendant's motion is accompanied by affidavits and other exhibits, the Court will treat the motion as one for summary judgment. *See* Fed.R.Civ.P. 56.

In opposition to the defendant's motion, the plaintiff asserts that this action may not be removed to federal court and that the LMRA does not apply to suits brought by a sole employee against his employer for wrongful discharge. Finally, the plaintiff asserts that even if the action is removable, the five-year Virginia contract statute of limitations governs, and the action is therefore timely.

Briefs have been filed by the parties and the motion is not ripe for decision.

## II.

■ The plaintiff contends that his original state court action alleged only a breach of contract and therefore did not confer federal subject matter jurisdiction. In particular, the plaintiff notes that his Complaint did not mention LMRA § 301 and couched its claims in common law terms. It is apparent, however, from the allegations of the Complaint that Brown asserted a wrongful discharge in violation of a collective bargaining agreement. The plaintiff's failure to allege a violation of § 301 does not preclude federal jurisdiction. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1210 (9th Cir.1980). Although as a general rule, a plaintiff has the prerogative of determining the theory of his action, principles of federal labor law supersede state contract law or other state law theories. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657, 85 S.Ct. 614, 618, 13 L.Ed.2d 580 (1965); *Local 174 Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 102–03, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962); *Johnson v. England*, 356 F.2d 44, 48 (9th Cir.), *cert. denied*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966).

On similar facts, the Sixth Circuit has declared that:

[a]ll rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law. State law does not exist as an independent source of private rights to enforce collective bargaining contracts. While State courts may have concurrent jurisdiction, they are bound to apply Federal law.... The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the Complaint.

*Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n of Machinists and Aerospace Workers*, 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

Construing Brown's complaint to assert a breach of the collective bargaining agreement, this Court finds that it has jurisdiction under LMRA § 301. Consequently, this Court is of the opinion that the action was properly removable under either 28 U.S.C. § 1441(a) or § 1441(b). *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 (5th Cir.1981); *Sheeran v. General Elec. Co.*, 593 F.2d 93, 96 (9th Cir.), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *Alameda Room, Inc. v. Pitta*, 538 F.Supp. 1072, 1077 (S.D.N.Y.1972).

The plaintiff next contends that LMRA § 301 does not apply to actions brought by an employee against his employer asserting a breach of the collective bargaining agreement. To support his contention the plaintiff urges that a careful reading of 29 U.S.C. § 185 leads to the conclusion that the statute creates a federal forum only "for violation of contracts between an *employer* and a *labor organization* representing employees." (emphasis added).

■ A review of the case law, however, reveals that the plaintiff's claim lacks merit. Under § 301 an employee may sue his employer for its breach of a contract provision. *Smith v. Evening News Ass'n*, 371 U.S. 195, 200, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962). Accordingly, the Court finds that the instant matter is within the provisions of the LMRA.

## III.

Having found that the action was properly removed and that § 301 is not limited to suits between an employer and a labor organization, the Court must now address whether the action is timely.

Congress has not enacted a specific statute of limitations for LMRA § 301 suits. *Sheeran v. M.A. Bruder & Sons, Inc.,* 524 F.Supp. 567, 570 (E.D.Pa.1981). Consequently, the Supreme Court has directed that the timeliness of a § 301 suit would be determined "by reference to the appropriate state statute of limitations." *U.A.W. v. Hoosier Cardinal Corporation,* 383 U.S. 696, 704, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). Therefore, the central issue presented is whether the plaintiff's claim is governed by the Virginia statute pertaining to the vacation of arbitration awards or by Virginia's general five-year limitation on contract actions. *See generally, Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

In *Ross v. Bethlehem Steel Corp.,* 109 LRRM 2791 (D.Md.1981), the Court noted that in cases similar to the instant action "[t]he Federal Courts have clearly held that if an 'arbitration award' has been reached a § 301 suit is more closely analogized to a suit to vacate an arbitration award than to an ordinary contract action." *Id.* (citing *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *Sine v. Teamsters, Local 992,* 644 F.2d 997 (4th Cir.1981)). Accordingly, the Court must determine whether the plaintiff's claim was submitted to arbitration within the meaning of the law.

In his uncontroverted affidavit, Mr. Sjoblom indicates that on April 27, 1981, he and the Union business agent negotiated a settlement of Brown's grievance. Mr. Sjoblom further recounts that this settlement was achieved pursuant to Article 6 § 1(b) of the collective bargaining agreement. A review of the contract reveals that decisions reached under § 1(b) are to be "final and binding."

The plaintiff appears to contend that because the matter was never submitted to a three member arbitration panel, the Virginia statute pertaining to the vacation of arbitration awards should be deemed inapplicable. The Court is not persuaded by this argument. In *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court repeatedly stressed the importance of protecting the integrity of internally resolved disputes by according them absolute finality through the imposition of relatively short state statutes of limitations. *Id.* at 61–64, 101 S.Ct. at 1563–1564. Moreover, the Court emphasized "[t]he undesirability of the results of the grievance and arbitration process being suspended in limbo for long periods." *Id.* Accordingly, the *Mitchell* court held that the New York arbitration statute barred the plaintiff's § 301 action.

■ In the instant case, the plaintiff seeks to overturn a decision that has become final and binding through the operation of a collectively bargained-for system of dispute resolution. There is no genuine issue of material fact concerning the grievance procedure that was taken. Although the matter was never presented to an impartial panel, on similar facts other courts have applied the state statute of limitations governing the vacation of arbitration awards. *See Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982); *Ross, supra* at 2792. Mindful of the Supreme Court's emphasis on whether the decision that was reached was "final and binding" on the aggrieved party, *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1975), the Court is of the opinion that the Virginia statute of limitations governing the vacation of arbitration awards should be applied in this action.

## IV.

■ Under § 8.01–579 of the Code of Virginia, an action to vacate an arbitration award must be brought within the term of court during which the award was rendered. Rule 1:15 (1982 Supp.) of the Vir-

ginia Supreme Court specifies a maximum court session for each Circuit Court of approximately four months. Because the plaintiff instituted this action well beyond this maximum period, the action is time barred regardless of which judicial circuit would have been the appropriate forum for the plaintiff's action.

Because the Court has determined that the action is time barred under the Virginia statute pertaining to the vacation of arbitration awards, the Court need not reach the defendant's argument that the limitation period of § 10(b) of the National Labor Relations Act is applicable.

For the foregoing reasons, the defendant's motion is GRANTED, and the Clerk shall enter an Order dismissing the action.