**LOCAL UNION 8181, UNITED MINE WORKERS OF AMERICA, DISTRICT 28, Plaintiff,**

v.

**WESTMORELAND COAL COMPANY, Defendant.**

**Civ. A. No. 85–0009–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Dec. 5, 1986.

---

J. Thadieu Harris, Brad Rayson, Castlewood, Va., for plaintiff.

Scott L. Messmore, Sr. Atty., Westmoreland Coal Co., Big Stone Gap, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, United Mine Workers of America, Local Union 8181 (Union), seeks to have this court vacate the July 25, 1984 labor arbitration award of Arbitrator Theodore Dyke (Dyke) claiming that the decision does not "draw its essence" from the collective bargaining agreement between the Union and the defendant, Westmoreland Coal Company (Westmoreland). Westmoreland asserts that the applicable statute of limitations bars the action, that the decision does in fact "draw its essence" from the collective bargaining agreement and that in any event Dyke's decision was a proper exercise of his discretion. Both parties contend this suit is ripe for adjudication on summary judgment as no genuine issue of material fact exists. This court has jurisdiction by virtue of 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act (LMRA) of 1947, as amended.

## I.

## BACKGROUND

This dispute arose when Westmoreland scheduled an "idle day" at all its Virginia Operations' mines and facilities for Friday, May 27, 1983, the Friday preceding the Memorial Day holiday; the basis of the idle day being excessive absenteeism occurring with three-day weekends. On May 26, 1983, the Union filed a grievance contending that notwithstanding the complete shut-down, the Coal Wage Agreements of 1981 and 1984 obligated Westmoreland to schedule its Central Machine Shop (C.M. Shop) employees for work. After the Union and Westmoreland were unable to resolve the Union's grievance, the parties submitted the matter to arbitration. Arbitrator Dyke issued his award denying the grievance on July 25, 1984. On January 24, 1985, the Union filed its petition to vacate Dyke's opinion and award in this court.

Arbitrator Peter J. Judah (Judah) previously had decided a similar "idle day" issue concerning idle Fridays scheduled prior to the Memorial Day and Labor Day weekend holidays in 1982. Westmoreland and the Union were the parties in that dispute. However, Judah sustained the Union's grievances concerning the idle days concluding that C.M. Shop "employees are entitled to work where work is available on regular work days." Because Westmoreland prepared no idle day work plan, all grievants received benefits even though Westmoreland could have excluded them if they had prepared an idle day work plan. (*Judah's Award* at 10.) This court upheld Judah's Award on December 21, 1983. *Westmoreland Coal Co. v. United Mine Workers of America*, Civil Action No. 83–0169–B (W.D.Va. Dec. 22, 1983). Thereafter, preceding an idle day, Westmoreland posted an "idle day work plan" in the C.M. Shop just as they did prior to the May 27, 1983 idle day.

The Union requests this court to vacate Dyke's decision in that it does not "draw its essence" from the collective bargaining agreement. The basis of the Union's claim is Judah's March 14, 1983 opinion and award and Arbitration Review Board Decision 78–24. Decision 78–24 requires that arbitration decisions be given *res judicata*

effect for subsequent grievances "between the same parties, at the same operation, on the same factual situation, and involving the same issues of contract interpretation and application as presented in the former grievance...." This rule applies in all but a narrow range of circumstances. The Union claims that both Dyke's and Judah's opinions contained the exact same factual questions and involved the same parties. As such, the Union contends that Dyke's opinion and award does not "draw its essence" from the collective bargaining agreement because under the agreement, prior arbitration awards are given *res judicata* effect when the later grievance is identical to the issue arbitrated. Therefore, the plaintiff moves for summary judgment. The defendant also moves for summary judgment and asserts that the applicable statute of limitations bars the action; that Dyke's decision "drew its essence" from the collective bargaining agreement in that by posting an idle day work plan, Westmoreland complied with Judah's opinion; and that Dyke's decision was a proper exercise of discretion under the narrow exceptions of Arbitration Review Board Decision 78–24.

## II.

### STATUTE OF LIMITATIONS

Westmoreland argues that the Union failed to file its application to vacate Dyke's opinion and award within the applicable statute of limitations, therefore, its action is time barred. Dyke issued his opinion and award on July 25, 1984 and the Union filed its application with the court on January 24, 1985—exactly six months after the decision. The court's analysis begins by determining the applicable statute of limitations period in which to petition for vacation of an arbitration award.

Plaintiff brings this claim pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Concededly, "Congress ha[s] not enacted a statute of limitations governing actions brought pursuant to § 301 of the LMRA.... [therefore] 'the timeliness of a § 301 suit ... is to be determined, as a matter of law, by reference to the appropriate state statute of limitations.'" *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981), (*quoting, Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966)). *Mitchell,* a case originating in a New York district court, presented the question of which New York statute of limitations applied.[1] The Supreme Court held that the 90–day statute of limitations for actions to vacate arbitration awards applied to a cause of action under § 301. Choosing the most appropriate statute of limitations depends upon an examination of the nature of the federal claim and the federal policies involved. *Mitchell,* 451 U.S. at 60–61, 101 S.Ct. at 1562–1563. One of the most pervasive federal policies in this area is the "relatively rapid disposition of labor disputes." *Id.* at 63, 101 S.Ct. at 1564. With this in mind, the court turns to Virginia's various statutes of limitations.

Westmoreland urges this court to adopt Va.Code § 8.01–579[2] as the appropriate statute of limitations for the § 301 action. § 8.01–579 provided that the parties must bring an action to vacate an arbitration award within the term of court in which the arbitrator rendered the award. The term of court for each circuit court is approximately four months. Rule 1:15 (1982 Supp.) of the Virginia Supreme Court. Therefore, because the maximum limitation period is four months, Westmoreland contends that the Union's action is not timely. The Union, however, argues that either Va. Code § 8.01–246 (providing for a three (3)

---

**1.** Two statute of limitations periods were at issue. One statute provided a 90–day limit for actions to vacate arbitration awards while the other statute, for breach of contract, provided a six-year limitation period.

**2.** The legislature has since repealed Va.Code § 8.01–579. The legislature enacted Va.Code § 8.01–581.010(5) (1986 Supp.) which now requires that a party must bring an application to vacate an arbitration award within ninety (90) days of its receipt.

year statute of limitations for unwritten contracts) or § 8.01–248 (providing for a one (1) year statute of limitations for personal actions for which no limitation is specified) is the more appropriate statute of limitations. Lastly, the Union submits that in lieu of borrowing any Virginia limitation period, this court should apply the six months statute of limitations found in Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b).

■ The United States District Court for the Eastern District of Virginia has previously addressed the Union's argument that this court should borrow § 8.01–246 or § 8.01–248 instead of § 8.01–579. *Brown v. United Parcel Service*, 560 F.Supp. 146 (E.D.Va.1982), relying upon *Mitchell*'s language stressing "the importance of protecting the integrity of internally resolved disputes by according them absolute finality through the imposition of relatively short state statutes of limitations," *Brown*, 560 F.Supp. at 149, borrowed the four-month limitation period under § 8.01–579 rather than the five-year limitation on contract actions. *Id.* "The federal courts have clearly held that if an 'arbitration award' has been reached a § 301 suit is more closely analogized to a suit to vacate an arbitration award than to an ordinary contract action." *Ross v. Bethlehem Steel Corp.*, 109 LRRM 2791 (D.Md.1981), (citing *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)). Therefore, relying upon the *Brown* opinion and the *Mitchell* opinion which sets forth the federal policies with regard to resolution of labor disputes, this court finds that Va.Code §§ 8.01–246 and 8.01–248 are not the most closely analogous statutes of limitations and that Va.Code § 8.01–579 is the most closely analogous statute of limitations under Virginia law.

■ Neither *Brown* nor *Mitchell*, however, addressed the Union's alternative contention that this court should adopt the six-month statute of limitations found in Section 10(b) of NLRA for a § 301 cause of action. Especially in light of *DelCostello v. International Brotherhood of Team-sters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), this court must closely examine and evaluate the Union's contention to see if it should borrow a federal statute of limitations, namely § 10(b) of NLRA. *DelCostello* involved a hybrid claim. The employee brought a § 301 action to vacate the arbitrator's opinion and a claim alleging that the Union breached its duty of fair representation. "This suit is thus not a straight-forward breach-of-contract suit under § 301, as was *Hoosier*, but a hybrid § 301/fair representation claim...." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. The Supreme Court borrowed § 10(b) of NLRA rather than borrow Maryland's 30–day statute of limitations for actions to vacate arbitration awards and in part relied upon the fact that it involved breach of contract rather than commercial arbitration. The Supreme Court went further to explain why the different classification required a different result:

> The main difference [between an action to vacate a commercial arbitration award and a suit for breach of contract] is that a party to commercial arbitration will ordinarily be represented by counsel or, at least, will have some experience in matters of commercial dealings and contract negotiation. Moreover, an action to vacate a commercial arbitral award will rarely raise any issues not already presented and contested in the arbitration proceeding itself. In the labor setting, by contrast, the employee will often be unsophisticated in collective-bargaining matters, and he will almost always be represented solely by the union. He is called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit. Yet state arbitration statutes typically provide very short times in which to sue for vacation of arbitration awards.

462 U.S. at 165–66, 103 S.Ct. at 2291 (footnote omitted). The Supreme Court bor-

rowed § 10(b) after finding "that state limitations periods for vacating arbitration awards fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." 462 U.S. at 166, 103 S.Ct. at 2291. (footnote omitted).

In addition, this court notes that 10(b) of the NLRA provides a specific statute of limitations for unfair labor practices and the National Labor Relations Board has consistently held that all breaches of a union's duty of fair representation are in fact unfair labor practices. 462 U.S. 170, 103 S.Ct. at 2293. Therefore, it seems only logical that 10(b) provides the limitation period for actions alleging breach of duty of fair representation, even if that action involves a hybrid claim as in *DelCostello*. But it does not follow that 10(b) provides a limitation period for a pure action to vacate an arbitration decision. For this reason, it appears to this court that *DelCostello* does not overrule *Mitchell* with respect to a pure action to vacate an arbitrator's decision.

The instant case is unlike *DelCostello* in several regards. First, this case presents an issue involving commercial arbitration rather than a breach of contract claim against the employee's representative. Also, the Union, rather than an employee, maintained and litigated this suit. The action to vacate involves no new "issues not already presented and contested in the arbitration proceeding itself." 462 U.S. at 165, 103 S.Ct. at 2291. Lastly, the employee did not have to evaluate the adequacy of the Union's representation, retain new counsel or formulate a plan for litigation regarding unfair representation. In essence, none of the extenuating circumstances in *DelCostello*, which required the adoption of a limitation period longer than the normally short limitation periods for vacation of arbitration awards, are present in the instant case. Therefore, this court should apply Va.Code § 8.01–579 as the appropriate statute of limitations as to the Union's action to vacate the arbitration award. As § 8.01–579's limitation period is four (4) months at the maximum and as the Union did not file an action to vacate the award until six (6) months after the decision, the Union's claim is time-barred.

### ORDER

In accordance with the Memorandum Opinion entered this date, the court grants defendant's motion for summary judgment on the grounds that plaintiff's suit is time-barred. The court hereby ORDERS the case dismissed and stricken from the docket of this court.