944 F.2d 902
 139 L.R.R.M. (BNA) 3000
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Julian TREVATHAN, Plaintiff-Appellant,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Defendant-Appellee.
 No. 91-2005.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1991.
Decided Sept. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CA-90-333-NN)
 Argued: John Harlow Klein, Rutter & Montagna, Norfolk, Va., for appellant.
 William Clay Bell, Office of the General Counsel, Newport News Shipbuilding and Dry Dock Company, Newport News, Va., for appellee.
 E.D.Va., 752 F.Supp. 698.
 AFFIRMED.
 Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Julian W. Trevathan sued his former employer, Newport News Shipbuilding & Dry Dock Company, under Section 301(a) of the Labor Management Relations Act. Trevathan sought to overturn an arbitration order finding that he was discharged for good cause under the terms of the collective bargaining agreement in effect between the employer and Trevathan's union, Local 8888 of the United Steelworkers of America. We affirm the district court's finding that Trevathan lacked standing under Section 301(a) to challenge the arbitrator's decision.
 
 I.
 
 2
 Julian Trevathan was an employee of Newport News Shipbuilding & Dry Dock Company (the Company) for approximately 22 years, during which time he was a member of Local 8888 of the United Steelworkers of America (the Union). He served as a quality inspector at the shipyard, a position for which the Company required the employee to pass an initial acid spot test to identify various metals, followed by annual requalification tests. Trevathan took a requalification test on October 20, 1988, during which the Company alleged that he cheated by having with him a flow chart containing pertinent guidelines and procedures. Trevathan claimed that at the time he pulled out the flow chart, he had finished all he could of the test and was merely checking to see where he had made mistakes. The Company discharged Trevathan, citing Yard Rule 10 of the collective bargaining agreement in effect between Local 8888 and the Company. This provision states that the Company may discharge an employee for "falsification of Company records."
 
 
 3
 The Union filed a grievance on Trevathan's behalf against the Company, protesting Trevathan's discharge. After exhausting the relevant grievance procedure as provided by the collective bargaining agreement, the Company and Local 8888 submitted the matter to arbitration. The arbitrator ruled that the Company's discharge of Trevathan was for just cause, specifically for falsifying a company document in violation of Yard Rule 10.
 
 
 4
 Trevathan then brought an action against the Company under Section 301(a) of the Labor Management Relations Act (LMRA) in the United States District Court for the Eastern District of Virginia at Newport News.[1] Trevathan's complaint asked the district court to find that the arbitrator exceeded his authority, to declare that the Company's discharge was without just cause and in violation of the collective bargaining agreement, and to award damages for his loss of earnings.
 
 
 5
 Acting pursuant to 28 U.S.C. § 636(b)(1)(B), the district court designated a magistrate judge to conduct a hearing on the parties' motions for summary judgment and to submit proposed recommendations for their disposition. Finding that Trevathan lacked standing to maintain his action, the magistrate judge recommended that the cause of action be dismissed. The magistrate judge further recommended that, with regard to the merits, the Company's motion for summary judgment be granted because the arbitrator's decision and findings drew their essence from the relevant collective bargaining agreement.
 
 
 6
 On de novo review of the magistrate judge's report, the district court adopted the report and the recommendations, granting the Company's motion for summary judgment. Trevathan v. Newport News Shipbuilding & Dry Dock Co., 752 F.Supp. 698 (E.D.Va.1990). Trevathan appeals.
 
 II.
 
 7
 We review summary judgments de novo on appeal. Higgins v. E.I. DuPont De Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir.1988); Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987). In ruling on the granting of summary judgment for the defendant, we take as true all facts and material allegations of the plaintiff and construe them in the light most favorable to the plaintiff. Matsushita Elec. Indus. Co., Otd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. Charbonnages De France v. Smith, 597 F.2d 406, 414, (4th Cir.1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir.1950).
 
 
 8
 The Company advanced two grounds in support of its motion for summary judgment. First, the Company claimed that Trevathan lacked standing to maintain this suit because he was not a party to the arbitration nor to the collective bargaining agreement. In addition, the Company argued that Trevathan had no standing because he failed to allege that the Union breached its duty of fair representation or that fraud or deceit produced the arbitrator's award. Second, assuming arguendo that Trevathan did have standing, the Company maintained that the arbitrator's decision and findings drew their essence from the collective bargaining agreement in effect between the Company and the Union and thus are binding and final.
 
 
 9
 On appeal, Trevathan argues that Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides a jurisdictional basis for individual suits brought by employees. In response to the Company's contention that only the Union may initiate and appeal the results of arbitration proceedings, Trevathan claims that an individual employee or his union may bring such suits under Section 301(a) to protect the employee's individual rights. Trevathan further maintains that he has standing to enforce the collective bargaining agreement because the agreement embodies rights intended for his benefit as an employee and beneficiary of the agreement. Finally, Trevathan argues that an individual employee may enforce provisions in the collective bargaining agreement which limit the employer's ability to discharge an employee.
 
 
 10
 Section 301(a) of the LMRA authorizes employers and labor organizations, parties to a collective bargaining agreement, to bring an action in federal district court to enforce or remedy provisions of the agreement. See United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 577-78 (1960); Textile Workers v. Lincoln Mills, 353 U.S. 448, 451-59 (1957); Textile Workers Union of America v. Cone Mills Corp., 268 F.2d 920, 923 (4th Cir.), cert. denied, 361 U.S. 886 (1959). Specifically, Section 301(a) provides that
 
 
 11
 (a) Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 12
 29 U.S.C.A. § 185(a) (West 1978).
 
 
 13
 When interpreting the "between an employer and a labor organization" clause of Section 301(a), the Supreme Court has consistently adopted a broad view of Section 301(a) jurisdiction. See, e.g., Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler, 481 U.S. 851, 865 n. 7 (1987); Franchise Tax Bd. v. Laborers Vacations Trust, 463 U.S. 1, 25 n. 28 (1983); Amalgamated Ass'n v. Lockridge, 403 U.S. 274, 29899 (1971); Textile Workers v. Lincoln Mills, supra, 353 U.S. at 45159. For example, the Court in Smith v. Evening News Ass'n, 371 U.S. 195, 200 (1962), held that individual employees may bring suits against their employers for alleged breaches of the collective bargaining agreement under Section 301. However, as Justice Black noted in his dissent, "the Court studiously refrain[ed] from saying when, for what kinds of breach, or under what circumstances an individual employee can bring a Section 301 action and when he must step aside for the union to prosecute his claim." 371 U.S. at 203 (Black, J., dissenting).
 
 
 14
 Clearly, an individual employee may bring an action in federal court where the union has allegedly breached its duty of fair representation to the employee.[2] See Hines v. Anchor Motor Freight, 424 U.S. 554, 571-72 (1976); Vaca v. Sipes, 386 U.S. 171, 186 (1967); Smith v. Local 7898, United Steelworkers of America, 834 F.2d 93, 96 (4th Cir.1987); Ash v. United Parcel Service, Inc., 800 F.2d 409, 411 (4th Cir.1986) (per curiam). In addition, the Supreme Court has noted that Section 301(a) suits "[may] encompass those [claims] seeking to vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." Hines, supra, 424 U.S. at 562 (citing Smith v. Evening News Ass'n, 371 U.S. 195, 198-200 (1962)).
 
 
 15
 Although the Court included wrongful discharge among its examples of uniquely personal rights, federal courts have held that an individual employee cannot appeal an arbitrator's award under Section 301(a) even where the individual employee was ultimately discharged. Painter v. Mohawk Rubber Co., 636 F.Supp. 453, 456 (W.D.Va.1986) (citing McNair v. United States Postal Services, 768 F.2d 730 (5th Cir.1985) and Vosch v. Werner Continental, Inc., 734 F.2d 149 (3d Cir.1984), cert. denied, 469 U.S. 1108 (1985)). Individual employees, after all, are not parties to the arbitration proceedings. The Painter court noted that the only exception to this rule occurs when the employee's union breaches its duty of fair representation to the employee during the grievance or arbitration process. 636 F.Supp. at 456. This exception effectively recognizes the judicial deference to the finality of arbitrators' decisions that is mandated by the Steelworkers trilogy. Thus, Trevathan has standing to maintain an independent action for wrongful discharge against the Company; he does not have standing, however, to appeal the arbitrator's decision and findings unless he shows that the Union breached its duty of fair representation.
 
 
 16
 Trevathan essentially alleges that the arbitrator's decision exceeded the authority granted to him by the collective bargaining agreement. This allegation effectively fails to assert any independent breach of contract action. Rather, Trevathan contends that he has standing as a third-party beneficiary to the collective agreement that the Company allegedly breached. These claims--vacating an arbitrator's award, versus seeking an independent action--represent distinctly different legal theories that require different factual allegations. Painter, supra, 636 F.Supp. at 456. In discerning whether to treat this cause of action as simply an appeal of the arbitrator's decision or instead as an independent action, we note that the courts have held that if an arbitration award has been reached, a Section 301 suit is more closely analogized to a suit to vacate an arbitration than to an ordinary contract action. Brown v. United Parcel Service, Inc., 560 F.Supp. 146, 149 (E.D.Va.1982) (quoting Ross v. Bethlehem Steel Corp., 109 L.R.R.M. 2791 (D.Md.1981)); see also United Parcel Service v. Mitchell, 451 U.S. 56 (1981); Sine v. Local No. 992, Int'l Bhd. of Teamsters, 644 F.2d 997 (4th Cir.), cert. denied, 454 U.S. 965 (1981). Moreover, a claim to vacate an arbitrator's award typically "involves no new 'issues not already presented and contested in the arbitration proceeding itself.' " Local Union 8181, U.M.W.A. v. Westmoreland Coal Co., 649 F.Supp. 603, 607 (W.D.Va.1986) (quoting DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983)).
 
 
 17
 In the present action, the arbitrator clearly reached a decision on the merits of the Company's alleged wrongful discharge of Trevathan. Additionally, Trevathan's claim involves no issues different from those presented and resolved during the arbitration process. Finally, whatever Trevathan intended, if he prevailed his cause of action would have the direct effect of vacating the arbitrator's award. See United Parcel Services, Inc. v. Mitchell, supra, 451 U.S. at 62. The district court properly found that Trevathan's cause of action was essentially a suit to vacate the arbitrator's award and not an independent action under Section 301.
 
 
 18
 Trevathan, as an individual employee, may not appeal the adverse determination of the arbitrator under Section 301 unless the Union breached its duty of fair representation to him during the grievance or arbitration proceedings. DelCostello, supra, 462 U.S. at 164-65; Martin v. Youngstown Sheet & Tube Co., 911 F.2d 1239, 1244 (7th Cir.1990); Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir.1988); McNair v. United States Postal Services, supra, 768 F.2d at 735; Vosch v. Werner Continental, supra, 734 F.2d at 154-55. Trevathan failed to allege any breach of the duty of fair representation on the part of the Union. Moreover, Trevathan did not allege that there was fraud or deceit on the part of the Union in the arbitration proceeding which would justify overturning the arbitrator's decision. DelCostello, supra, 462 U.S. at 164-65. Thus Trevathan has no standing to maintain this action.
 
 III.
 
 19
 Although Trevathan's lack of standing is dispositive of this appeal, we note that we could not overturn the arbitrator's decision were we to rule on the merits of the appeal. The Supreme Court has held that courts should exercise only the most limited review of an arbitrator's decisions and findings. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987).
 
 
 20
 The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of facts or on misinterpretation of the contract. The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.
 
 
 21
 484 U.S. at 36. The Court further noted that, the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject the award on the ground that the arbitrator misread the contract. 484 U.S. at 38. Even where a court is convinced that an arbitrator committed serious error, as long as the arbitrator arguably construed or applied the contract, the court is without authority to vacate that award. Franklin Elec. Co. v. Int'l Union, UAW, 886 F.2d 188 (8th Cir.1989); Holcombe v. Colony Bay Coal Co., 852 F.2d 792 (4th Cir.1988).
 
 
 22
 Misco dictates that a reviewing court may not disturb an arbitrator's award unless the arbitrator exceeded the authority granted to him by the collective bargaining agreement. 484 U.S. at 36-38. Moreover, Misco limits the court's inquiry to whether the arbitrator's determination and findings draw their essence from the collective bargaining agreement. Id.; see also Hines v. Anchor Motor Freight, supra, 424 U.S. at 562-63.
 
 
 23
 Neither Trevathan nor the Company disputes that Yard Rule 10 is included within the collective bargaining agreement that governs this dispute. In his decision, the arbitrator determined that Trevathan's cheating on the requalification test constituted "falsification of a company record" in violation of Yard Rule 10. Also undisputed is the importance of the acid spot qualification or requalification test in determining an employee's competence in identifying various metals. As the arbitrator noted, cheating on an acid spot test deprives the Company of the knowledge that an inspector is unable to perform the essential element of his job, and prevents the Company from retesting an inspector for twelve months. Such cheating thus permits a full year of potentially incompetent metals testing with possible extreme adverse results in the integrity of the Company's product.
 
 
 24
 The arbitrator concluded that Yard Rule 10 is broad enough to cover cheating on such required tests. Given the significance of the acid spot test and the fact that the Company regularly administers these tests, it is at least arguable that the tests constitute "company records." Obviously, cheating is analogous to "falsification." The district court did not err in concluding that the arbitrator's reading of Yard Rule 10 as authorizing Trevathan's discharge constituted at least one possible interpretation of the Yard Rule, and that therefore the arbitrator's award drew its essence from the agreement between the Company and the Union. The district court determined, and we agree, that under Misco the arbitrator's award must be upheld.
 
 
 25
 The district court's granting of summary judgment to the Company is therefore
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 The Union was not named as a defendant in this action
 
 
 [2]
 A union breaches its duty of fair representation of an individual employee when it acts in a "discriminatory, dishonest, arbitrary, or perfunctory" manner. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983)