Ernest R. ASH, Appellant,

v.

UNITED PARCEL SERVICE, INC., a New York Corp., International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, a labor organization, & Chauffeurs, Teamsters & Helpers Local Union No. 175, a labor organization, Appellees.

Ernest R. ASH, Appellee,

v.

UNITED PARCEL SERVICE, INC., a New York Corp., Appellant,

and

International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, a labor organization, & Chauffeurs, Teamsters & Helpers Local Union No. 175, a labor organization, Defendants.

Ernest R. ASH, Appellee,

v.

UNITED PARCEL SERVICE, INC., a New York Corp., Defendant,

and

International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, a labor organization, & Chauffeurs, Teamsters & Helpers Local Union No. 175, a labor organization, Appellant.

Nos. 85–2024(L), 85–2173 and 85–2175.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1986.

Decided Sept. 11, 1986.

John Taylor, for appellant.

James F. Wallington (Stanley M. Hostler, Hostler & Segal, Charleston, W.Va., for appellee Chauffeurs, Teamsters and Helpers, Local Union No. 175.

David D. Johnson (Charles Q. Gage, Cheryl Harris Wolfe, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for appellee United Parcel Service, Inc.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

This appeal arises out of Ernest Ash's attempt to regain employment at United Parcel Service, Inc. (UPS) after he was discharged for dishonesty.[1] Ash's dis-

charge was upheld through the third step of the grievance procedures defined by the relevant collective bargaining agreement. Ash now seeks judicial relief, claiming that his union, the International Brotherhood of Teamsters (Teamsters), breached its duty of fair representation.

Finding as a matter of law that Ash could not establish the type of grossly deficient conduct required for a breach of the duty of fair representation, the district court granted summary judgment for UPS and the Teamsters. We affirm.[2]

## I.

UPS discharged Ash after he took excessive unreported breaks and claimed overtime pay for the time required to complete his package deliveries. Ash admitted that he engaged in this conduct. Nevertheless, he filed a grievance because other employees had been suspended, not discharged, for similar behavior. Prior to this episode, Ash had worked for UPS for thirteen years without incident.

The Teamsters pursued Ash's grievance through the third step, a grievance committee hearing. Under the collective bargaining agreement, the committee should have been composed of three union participants, three management participants, and one independent arbitrator. The committee which heard Ash's case was composed of only two union and two management participants. Ash's Teamster representative, Franklin Baxter, did not protest the committee's composition.

At the hearing, Baxter highlighted Ash's good work record, reminded the committee that similar offenders had not been discharged, and argued that the discharge was procedurally defective. He did not assert Ash's innocence. Ash addressed the committee personally and attempted to justify his actions. He now claims that his statement was cut short by a pre-arranged

1. The district court had jurisdiction over this suit under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

2. We do not reach the problem of alleged untimeliness, offered by appellees as an alternative ground for affirmance.

signal from Baxter. At the close of the hearing, however, Ash indicated that he had nothing to add and that he believed that Baxter had properly represented him.

The grievance committee upheld the termination. Ash then filed this lawsuit, claiming that Baxter's representation was perfunctory and in bad faith. Ash claims that the union actually was pleased with his discharge because it ended his activity as a dissident Teamster. Ash's dissident activities included voting against the slate of union officers selected by the existing power structure and criticizing the most recent UPS–Teamster contract. Ash also maintains that non-dissidents were represented more effectively by the union. Finally, Ash claims that a UPS official told him that he would not have been discharged "if it wasn't for something you said or done" during contract negotiations.

## II.

■ The resolution of a grievance under a contractually established scheme is ordinarily final and binding on the parties. *See Hardee v. N. C. Allstate Services, Inc.,* 537 F.2d 1255, 1258 (4th Cir.1976). In order to overturn the committee's decision, Ash must establish that the union handled his grievance perfunctorily or in bad faith and that "there is substantial reason to believe that a union breach of duty contributed to an erroneous outcome in the contractual proceedings." *Id.* Simple negligence, ineffectiveness, or poor judgment is insufficient to establish a breach of the union's duty. *See Harris v. Schwerman Trucking Co.,* 668 F.2d 1204, 1206–07 (11th Cir.1982). Rather, the union's conduct must be "grossly deficient" or in reckless disregard of the member's rights. *Wyatt v. Interstate & Ocean Transport Co.,* 623 F.2d 888, 891 (4th Cir.1980).

Even in the light most favorable to Ash, the facts and inferences do not create a triable claim of grossly deficient representation. Baxter prepared Ash's case and presented a coherent argument against discharge. Given Ash's admission of culpability, Baxter's presentation cannot be construed as unreasonable. Furthermore, Ash's participation in the hearing and his expression of satisfaction with Baxter's representation substantially undercut his current allegations. *See Hardee,* 537 F.2d at 1259.

Although there is reason to suspect some union hostility toward Ash, there is no evidence that Baxter shared this alleged ill-will. Even if Baxter did feel hostility toward Ash, there is no evidence that animosity affected his representation of Ash. *See Early v. Eastern Transfer,* 699 F.2d 552, 556 (1st Cir.), *cert. denied,* 464 U.S. 824, 104 S.Ct. 93, 78 L.Ed.2d 100 (1983). Baxter's representation was not perfect, but a flawless performance is not required to fulfill the union's duty. *See Steed v. United Parcel Service, Inc.,* 512 F.Supp. 1088, 1093 (S.D.W.Va.1981).

■ Ash's complaint about improper panel composition also fails to create a genuine issue for trial. The decision of a grievance committee that does not conform to contractual specifications may still bind the participants. *See Ness v. Safeway Stores, Inc.,* 598 F.2d 558 (9th Cir.1979). No inference of prejudice can be drawn from the panel composition in this case, since the union and management each had an equal number of participants. Under the contract, the impartial arbitrator only participates when the union and management committee members are deadlocked. No deadlock occurred in this case. Consequently, Ash's claim of prejudice from the absence of an arbitrator is unconvincing.

■ Ash's allegation of differential treatment is similarly unsupportable. Although the son of a local union official received only suspension for a similar type of offense, UPS attributes the disparate sanctions to the fact that the other employee took a substantially shorter unauthorized break than Ash did. Thus, the inference that Ash was treated more severely because of prior disputes with the union is unsupported speculation. Such speculation is not sufficient to defeat a summary judg-

ment motion. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985).

 Finally, Ash argues that UPS management admitted that the discipline would have been less severe if Ash had been less vocal about his evaluation of the recent contract. UPS and the Teamsters contest whether the statement was even made, but on summary judgment, we must resolve all such disputes for the non-movant. *See Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). Assuming the statement was made by a management representative, it is at most probative of UPS's motivation. The statement does not address the union's motives, and it is not attributable to a union member. Therefore, it does not create a genuine issue of material fact as to the existence of a union's breach of its duty of fair representation. In the absence of such a breach, this court will not inquire into the merits of a discharge upheld by the grievance committee.

In closing, we note that in order to proceed to trial, the evidence and inferences therefrom must create a "real factual dispute" about gross deficiencies in union conduct. *See Ross*, 759 F.2d at 364. Ash has raised at most an inference of negligent representation. He has failed to present any facts indicating that the discharge was in fact erroneous or that it was upheld at least in part because of the union's allegedly poor representation. *See Hardee*, 537 F.2d at 1258. When the evidence does not tend to establish the severely deficient union conduct required for a breach of the duty of fair representation, summary judgment is appropriate. *See Walden v. Local 71, International Brotherhood of Teamsters*, 468 F.2d 196, 197 (4th Cir.1972); *see also Early*, 699 F.2d at 557.

Accordingly, the district court's grant of summary judgment for UPS and the Teamsters is hereby affirmed.

AFFIRMED.