898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Alan MULLINAX, Plaintiff-Appellant,
v.
US POSTAL SERVICE; American Postal Workers Union, AFL-CIO,
Defendants-Appellees.
 No. 89-2045.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1989.
Decided: Feb. 27, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-88-621-17-6)
 Jesse Murff Ray, for appellant.
 Kevin Barclay Rachel (Office of Labor Law, United States Postal Service, on brief); Susan Lynne Catler (O'Donnell, Schwartz & Anderson; Vinton D. Lide, United States Attorney; James D. McCoy, III, Assistant United States Attorney; Jesse L. Butler, Assistant General Counsel, on brief), for appellees.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Mullinax appeals the district court's grant of summary judgment to defendant American Postal Workers Union (APWU) on Mullinax's claim that the APWU breached its duty of fair representation and to defendant United States Postal Service (Postal Service) on Mullinax's breach of contract claim. Finding no genuine issue of material fact on either claim and no error in the district court's legal conclusions, we now affirm.
 
 
 2
 * Mullinax, a former employee of the Postal Service and a member of the bargaining unit represented by the APWU, was removed in April 1986 from his position as a distribution clerk in Anderson, South Carolina. Mullinax was dismissed on charges of removing postal stock, not documenting postal transactions, conversion of postal services for personal use, giving false statements in postal investigations, and unacceptable conduct. The APWU challenged Mullinax's removal through all stages in the grievance procedures provided for in the APWU's collective bargaining agreement with the Postal Service, concluding in an arbitration. Before the arbitration, Mullinax was indicted on the federal criminal charge of conversion of postal funds, but was ultimately acquitted after a jury trial on January 7, 1987.
 
 
 3
 On April 15, about a month and a half before Mullinax's arbitration, Arbitrator James Searce arbitrated a challenge to the removal of Donald Garrison, another postal worker. In that arbitration, the APWU argued that Garrison was innocent of the charge of forging a money order and suggested that William Mullinax may have been the one who forged the order. Local APWU president James Tannery testified that in his opinion Mullinax was generally dishonest and untrustworthy, but that he believed a private admission Mullinax had made that he, not Garrison, had committed the forgery. Despite Tannery's testimony, Arbitrator Searce upheld the Postal Service's just cause removal of Garrison on June 30.
 
 
 4
 On June 1, Arbitrator Searce conducted an arbitration of Mullinax's claim that he had been removed without just cause, in violation of the collective bargaining agreement. No one informed Mullinax that Arbitrator Searce had heard testimony during the Garrison arbitration about Mullinax's character. An APWU advocate represented Mullinax at the four-and-a-half hour arbitration, during which ten witnesses, including Mullinax himself, were called. Mullinax's union advocate advanced several theories in support of Mullinax's claim of innocence and argued that the arbitrator was estopped from relitigating issues decided by the acquittal in Mullinax's criminal trial. On August 29, 1987, Searce issued his award, upholding the Postal Service's just cause removal of Mullinax. The union made no postarbitration efforts to challenge the award.
 
 
 5
 Mullinax then brought an action against the Postal Service in federal district court, seeking to vacate the arbitrator's award. The district court dismissed the action without prejudice because Mullinax had not alleged that the APWU had breached its duty of fair representation, a necessary predicate to his maintaining a breach of contract action against the Postal Service. Mullinax then brought this action, revising his prior complaint to join the APWU and alleging that the APWU had breached its duty of fair representation. The district court granted the Postal Service's and APWU's motions for summary judgment, holding as a matter of law that on the undisputed facts the union had not breached its duty of fair representation. Because Mullinax's claim against the union failed, the court held, he could not maintain his individual challenge to the arbitrator's award in a breach of contract claim against the Postal Service. The district court nonetheless discussed in dicta the merits of the breach of contract claim and found it groundless. This appeal followed.
 
 II
 
 6
 Mullinax's action is properly characterized as the form of "hybrid" suit first recognized in Vaca v. Sipes, 386 U.S. 171 (1967), in which an aggrieved employee covered by a collective bargaining agreement simultaneously sues both his union, for breach of its duty of fair representation, and his employer, for breach of contract.[1] In this mode, Mullinax does not, and could not, challenge the district court's threshold requirement that he establish his claim against the APWU for breach of its duty of fair representation before being heard on his breach of contract claim against the Postal Service. See Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71 (1976); Vaca, 386 U.S. at 186. Nor does either Mullinax or the APWU dispute any of the facts material to Mullinax's contention that the union breached its duty: it is undisputed that the local union never informed Mullinax or his union advocate that Arbitrator Searce, who presided over Mullinax's arbitration, had previously heard testimony impugning Mullinax's integrity in a separate arbitration. Our review of the district court's grant of summary judgment, then, turns initially and, as it happens, wholly on whether the district court correctly held as a matter of law that these undisputed facts did not constitute a breach of the duty of fair representation.
 
 
 7
 As was the case in Hines, Mullinax's union pursued his claim through all the steps of the grievance procedure provided for in the collective bargaining agreement, culminating in a final, binding arbitration. In all but the rarest cases, when the collective bargaining agreement contains a standard arbitration clause, the arbitrator's award will be the final disposition of an employee's grievance. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960) ("refusal of courts to review the merits of an arbitration award is the proper approach" to Sec. 301 suits). This is so even when the challenge is brought by one of the parties to the collective bargaining agreement--the union or the employer. An aggrieved employee, who is not a party to the agreement, carries a heavy burden indeed when he seeks to challenge in federal court an adverse award of an arbitrator: "To prevail against either the company or the Union, [he] must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." Hines, 424 U.S. at 570-71.
 
 
 8
 To sustain the necessary showing of union breach, the individual employee must demonstrate that his union's handling of his arbitration was so "dishonest, in bad faith, or discriminatory" that the normal assumption of "minimal levels of integrity" in the arbitration process can no longer be made with confidence. Id. at 571. As this court has stated the test, the employee must show that the union's conduct was " 'grossly deficient' or in reckless disregard of the member's rights," see Ash v. United Parcel Service, Inc., 800 F.2d 409, 411 (4th Cir.1986) (quoting Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888, 891 (4th Cir.1980)), and, further, that " 'there is substantial reason to believe that [the] union breach of duty contributed to an erroneous outcome in the contractual proceedings.' " Id. (quoting Hardee v. N.C. Allstate Services, Inc., 537 F.2d 1255, 1258 (4th Cir.1976)). Negligence, ineffectiveness, or poor judgment do not, without more, establish the union's breach. Ash, 800 F.2d at 411 (citation omitted); see also Hines, 424 U.S. at 571 ("mere errors in judgment" do not constitute union breach). In Ash, for instance, we affirmed a grant of summary judgment for the union, despite "reason to suspect" union hostility to the employee, because we found that the employee's evidence, viewed in the light most favorable to him, created no inference that his union advocate shared any such hostility. At most, the evidence raised a legally insufficient inference of negligent representation on the part of his union advocate. Ash, 800 F.2d at 412. We observed further that the employee had failed to present any evidence indicating that the claimed breach so tainted the grievance process that a discharge that was in fact contrary to the collective bargaining agreement had been sustained. Id.
 
 
 9
 We see no merit to Mullinax's contention in light of these legal principles and precedents. The APWU took Mullinax's grievance to arbitration and made a plethora of arguments for his innocence: that a fellow worker who had a vendetta against him broke into Mullinax's account, that postal workers often exchange stamp stock without recording the transfers, that Mullinax had been acquitted by a jury in his criminal trial, and that the Postal Service provided inadequate security of stamp accounts. Arbitrator Searce heard the testimony of ten witnesses, including Mullinax, before issuing his written decision upholding the just cause discharge. Mullinax's single complaint[2] is that the local union failed to disclose to his advocate information that might have formed the basis for a recusal motion. Mullinax presents no evidence that his advocate would have made such a motion, or that it would have been granted if made, or, finally and most fundamentally, that a different arbitrator would have reached a different result. Properly understood, the strongest claim that a view of the evidence favorable to Mullinax could support is that his advocate was ineffective, or exercised poor judgment, in not investigating the possibility that Arbitrator Searce might have been predisposed against Mullinax. Such a showing is legally insufficient to make out a breach of the duty of fair representation. See Ash, 800 F.2d at 412.
 
 III
 
 10
 For the foregoing reasons, we affirm the district court's grant of summary judgment for the APWU. Having failed to establish that the APWU breached its duty of fair representation, Mullinax has thereby failed to satisfy an essential predicate to his breach of contract claim against the Postal Service. See Hines, 424 U.S. at 570-71. On that basis, we affirm the grant of summary judgment for the Postal Service and decline to address Mullinax's contentions on the breach of contract claim.[3] Were we to have reached that issue, however, we would have agreed with the district court's conclusion that those contentions lacked merit.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Federal labor law principles governing suits under Sec. 301 of the National Labor Relations Act, 29 U.S.C. Sec. 185, are fully applicable to Mullinax's action, which technically arises under Sec. 2 of the Postal Reorganization Act, 39 U.S.C. Sec. 1208(b), the Postal Service analogue to Sec. 301. See Bowen v. United States Postal Service, 459 U.S. 212 (1983); Columbia Local, American Postal Workers Union, AFL-CIO v. Bolger, 621 F.2d 615 (4th Cir.1980)
 
 
 [2]
 There is no merit to Mullinax's casual suggestion that we might find a breach of the duty of fair representation in the union's failure to pursue available postarbitration procedures to attack the award. This inaction does not in itself give rise to an inference of bad faith or discrimination on the part of the APWU. Cf. Walden v. Local 71, Int'l Bhd. of Teamsters, 468 F.2d 196, 197 (4th Cir.1972) (contention that union's failure to commence court action to vacate an arbitrator's award constituted a breach was "without merit"); Bonds v. Coca-Cola Co., 806 F.2d 1324, 1326 (7th Cir.1986) ("A union is never obliged to contest an award in court in order to discharge its duty of fair representation....")
 
 
 [3]
 Mullinax's argument that his acquittal in the criminal trial should have had collateral estoppel effect in his arbitration is an attack on the merits of the arbitrator's award and does not go to the issue of the union's breach. For that reason, we decline to consider it