Roger PERSINGER, Plaintiff,

v.

PEABODY COAL COMPANY,
Defendant.

Civil Action No. 5:94–0023.

United States District Court,
S.D. West Virginia.

Sept. 26, 1997.

Roger D. Forman, Forman & Crane, L.C.,
Charleston, WV, for Plaintiff.

Michael J. Schessler, Bowles Rice McDavid Graff & Love, P.L.L.C., Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HALLANAN, Senior District Judge.

This matter is before the Court via Defendant's Motion for Summary Judgment and Memorandum in Support, Plaintiff's Memorandum of Law in Opposition to Peabody Coal Company's Motion for Summary Judgment and Defendant's Reply to Plaintiff's Response to its Motion for Summary Judgment.

The Court has carefully considered *all* relevant motions and memoranda submitted in this case, reviewed the exhibits attached thereto and is now ready to render its decision.

### FACTS

In June of 1992, Mr. Roger Persinger, Plaintiff, filed a workers' compensation claim with the Workers' Compensation Fund over an alleged injury that occurred when Plaintiff's slate truck hit a bump in the road, jarred him and caused him to hit the seat hard due to deflation of the seat suspension. Plaintiff located his supervisor, Don Deskins, and reported the injury. Mr. Deskins then filled out an accident report. On June 18, 1992, Plaintiff completed the employee's portion of a WC–123 form to initiate a Workers' Compensation claim regarding said injury. Peabody Coal Company's Employee Relations Representative, Steve Farley, filled out the employer's portion of the form. Mr. Farley stated that there was no known job-related injury occurring on June 17, 1992. Mr. Farley attached a document signed by Billy Pennington, a supervisor for Peabody, that supported this conclusion. Accordingly, Plaintiff's initial claim was denied. Plaintiff appealed this denial and submitted evidence in support of his claim. Plaintiff was subsequently awarded workers' compensation benefits dating back to the date of the injury.

Mr. Pennington later stated in deposition testimony that he did not have anything to do with the writing or production of the statement that he signed. There were also several employees who signed notarized statements in direct opposition to the content of Mr. Pennington's original written statement.

Plaintiff then filed a civil action for fraud against Defendant in the United States District Court for the Southern District of West Virginia. The Court subsequently certified a question to the Supreme Court of Appeals of West Virginia for a determination as to whether or not Plaintiff would have a cause of action outside of the Workers' Compensation Statute codified in West Virginia Code § 23–2–6. Defendant contended that there was no private cause of action for wrongfully protesting a workers' compensation claim and, even if such a private right of action exists, Plaintiff has no damages because he ultimately received workers' compensation benefits. The Supreme Court of Appeals of West Virginia held that "an employee can maintain a private cause of action in fraud against his employer for damages as a result of the employer's knowingly and intentionally filing a false statement with the Fund in opposition to the employee's claim." *Persinger v. Peabody Coal Co.*, 196 W.Va. 707, 712, 474 S.E.2d 887, 892 (1996).

### SUMMARY JUDGMENT STANDARD

The Court begins its analysis by noting that the United States Supreme Court has held that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Courts must be careful, however, to insure that in assessing a motion for summary judgment, all justifiable inferences are drawn in favor of the nonmoving party for "[c]redibili-

ty determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Moreover, courts "must perform a dual inquiry into the *genuineness* and *materiality* of any purported factual issues." *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985)(emphasis added). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. While "[g]enuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross*, 759 F.2d at 364; *accord Goldberg v. B. Green & Co. Inc.*, 836 F.2d 845, 848 (4th Cir.1988); *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987); *Ash v. United Parcel Service Inc.*, 800 F.2d 409, 411–12 (4th Cir.1986).

After thoroughly reviewing the record in light of these principles:

> [T]he judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmovant] on the evidence presented. The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant].

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Where such analysis reveals the absence of any genuine issues of material fact, the non-moving party should be cognizant of "the affirmative obligation of the trial judge to prevent factually unsupported claims and [sic] defenses' from proceeding to trial." *Felty*, 818 F.2d at 1128 (quoting *Celotex Corp.*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53).

## LAW

■ In defining the parameters from which an employee can bring a cause of action against his/her employer for fraudulent misrepresentation concerning workers' compensation benefits, the Supreme Court of Appeals of West Virginia promulgated a two factor test. In accordance with this new test, an employee must "(1) plead his or her claim with particularity, specifically identifying the facts and circumstances that constitute the fraudulent misrepresentation, and (2) prove by clear and convincing evidence all essential elements of the claim, including the injury resulting from the fraudulent conduct." *Persinger*, 196 W.Va. at 719, 474 S.E.2d at 899. It must be noted, however, that a plaintiff employee cannot recover unless the "evidence at trial is persuasive enough for judge and jury to find substantial, outrageous and reprehensible conduct which falls outside of the permissible boundary of protected behavior under the statute."[1] *Id.* Consequently, if pleadings or evidence adduced is insufficient to establish either of the two factors, "the trial court may dismiss the action...." *Id.*

■ In reiterating the elements of fraud, the Supreme Court of Appeals in *Capper v. Gates*, 193 W.Va. 9, 16, 454 S.E.2d 54, 61 (1994), stated that a trial court must find:

> (1) that the act claimed to be fraudulent was [an] act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

(citations omitted). Once the elements of fraud have been established, a plaintiff's measure of damages "would be *any* injury incurred as a result of the defendant's fraudulent conduct." *Persinger*, 196 W.Va. at 719, 474 S.E.2d at 899 (emphasis added). The court also emphasized that compensatory damages may also include damages for annoyance and inconvenience. *Id.*, 474 S.E.2d at 900. The court went on further to state that damages can include punitive or exem-

---

1. The Supreme Court of Appeals, in *Persinger*, held that § 23–2–6 of the West Virginia Code "only contemplates an exemption of contributing employers from liability for 'damages at common law or by statute for the injury or death of an employee' arising out of a negligently-inflicted injury of an employee." 196 W.Va. at 717, 474 S.E.2d at 897.

plary damages and that attorney's fees may be obtained. *Id.*

## ANALYSIS

 In applying these elements *sub judice*, it is evident that Plaintiff has identified germane facts that make a prima facie case of fraudulent misrepresentation on the part of Defendant.[2] Plaintiff specifically alleges that Peabody Coal Company maliciously and knowingly filed false and fraudulent information with the Workers' Compensation Fund. Plaintiff also maintains that as a result of Defendant's actions, Plaintiff was forced to expend his savings and borrow funds in order to support his family. As a consequence, Plaintiff alleges that he has suffered serious physical and psychiatric injuries. Plaintiff has also proffered the notes of Mr. Farely, which show that there may not have been any basis for Defendant's denial of Plaintiff's Workers' Compensation claim. Plaintiff also proffers evidence that Mr. Pennington admitted to having nothing to do with the writing or production of the statement he signed which Mr. Farely relied upon in denying Plaintiff's claim.[3]

Though this is a matter of first impression, it is evident to the Court that Plaintiff adequately and effectively pled his claim and has identified the facts and circumstances that could constitute fraudulent misrepresentation under the *Persinger* test. Plaintiff has made a prima facie showing that the acts claimed to be fraudulent were committed by Defendant, that Defendant's actions were in fact false and that Plaintiff was damaged as a result of Defendant's actions.

In drawing these facts in the light most favorable to the nonmoving party, it is evident that the acts allegedly committed by Defendant rise above mere negligent misrepresentation. Thus, the granting of summary judgment in favor of Defendant is unwarranted.

## CONCLUSION

Due to Plaintiff's establishment of prima facie evidence of fraudulent misrepresentation on the part of Defendant, the Court hereby **ORDERS** that Defendant's motion for summary judgment be **DENIED**.

---

2. This was also evident to the Magistrate Judge who noted in her November 28, 1994 order that Plaintiff made a prima facie showing of fraud by one or more of Peabody's employees.

3. Many of the assertions made in Mr. Pennington's notarized statement made on July 8, 1992 were later recanted in his deposition testimony of July 18, 1994.