Donna M. HODGES, Plaintiff,

v.

PHILIP MORRIS USA INC.,
et al., Defendants.

No. CIV.A. 3:03CV87.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 2, 2003.

Jay Joseph Levit, Levit, Mann & Halligan, Richmond, VA, for Plaintiff.

Patricia K. Epps, Michael Leland Walton, Hunton & Williams, Richmond, VA; and James Joseph Vergara, Jr., Vergara & Associates, Hopewell, VA, for Defendants.

## MEMORANDUM OPINION

HUDSON, District Judge.

This matter is before the Court as a "hybrid" case under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185. Defendants Philip Morris USA, Inc. ("Philip Morris") and Local No. 203–T Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL–CIO–CLC (the "Union") have filed a Motion for Summary Judgment. All parties have fully briefed the issue, and the Court is of the opinion that oral argument is unnecessary. For the reasons that follow, the Court will grant Defendants' Motions for Summary Judgment.

## I. BACKGROUND

Plaintiff, Donna M. Hodges ("Hodges"), is a former employee of Philip Morris who filed this action pursuant to section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, following her discharge in April of 2002. Plaintiff alleges that the Union violated or breached its duty of fair representation by failing to arbitrate Plaintiff's grievance pertaining to her discharge. Plaintiff also alleges that Philip Morris breached the collective bargaining agreement when it discharged her for her third violation of the company's substance

abuse policy in three years. Plaintiff has also alleged that she was threatened with discharge as a result of taking "FMLA" leave, and for absences due to her back and hip problems.

There is no dispute as to the following facts. The plaintiff had been employed by Philip Morris for more than twenty-two (22) years at the time of her discharge. The Union represents Philip Morris employees. Hodges was covered by the collective bargaining agreement ("CBA") at the time of her discharge. At that time, Philip Morris had in place a substance abuse policy that embodied a "three strikes and you are out" rule during the relevant time period. Between May 21, 2000 and April 2, 2002, Plaintiff failed three (3) breathalyzer tests, which resulted in her dismissal.[1] The Union filed a grievance on Hodges's behalf following her discharge, which was pursued through all procedural steps except arbitration. The Union committee considered the circumstances of Plaintiff's discharge and unanimously voted not to arbitrate. (Def. Union's Motion for Summary Judgment, Ex. 4) ("Union's MSJ").

Both the Union and Philip Morris have moved for summary judgment arguing that there are no material facts in dispute and that they are entitled to judgment as a matter of law. Plaintiff argues that there are disputed material facts which preclude summary judgment.

## II. DISCUSSION

### A. Defendant Union's Argument in Support of Summary Judgment

The Union asserts that Hodges has failed to distinguish between marginal

---

1. Pursuant to Philip Morris's "first strike" policy, Hodges was offered and agreed to participate in an Employee Assistance Program ("EAP"). She did not complete the program. She did not file a grievance at that time. (Hodges's Depo. 33) After the second violation, Hodges was suspended for thirty (30) days without pay. Philip Morris failed to note the second violation in Hodges's disciplinary record, but it is undisputed that Hodges received a thirty(30) day suspension.

facts and material facts. The Union concedes that national labor policy favors resolution of most labor disputes by arbitration. However, the Union that policy does not dictate that *all* grievances being taken to arbitration irrespective of merit. The Union disagrees with Hodges's argument that because she was not permitted to present her case to an arbitrator, she is now entitled to present her case to a jury. This argument, apparently based on self-perceived notions of equity, lacks legal foundation. Rather, the central question before the Court on summary judgment is whether the Union acted properly when it decided not to proceed to arbitration. The Union argues that this is not a material fact in dispute and should not preclude summary judgment.

Both Union representative Linwood Henley, involved in the first and third of Hodges's violations, and representative Calvin B. Sinclair, involved in the second violation, had personal familiarity with the incidents in question and were opposed to arbitration.

## B. Defendant Philip Morris's Argument in Support of Summary Judgment

Philip Morris contends that it had just cause to terminate Plaintiff. Plaintiff argues that her second violation, on June 5, 2000, should not be considered because it was not recorded in her disciplinary record. The Union counters that the committeeman representing Plaintiff in connection with the June 5, 2000 violation stated that "it was clear that this thirty (30) day suspension without pay constituted discipline." (Sinclair Aff. ¶ 6.) Philip Morris relies on the Fourth Circuit's rule that "[f]anciful inferences and bald speculations of the sort no trier of fact would draw or engage in at trial need not be drawn or engaged in at summary judgment." *Local Union 7107, UMW v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir.1997). Philip

Morris further contends that although it opted not to do so, it could have terminated Plaintiff under its substance abuse policy based on both her failure to complete the Employee Assistance Program and her two positive tests in 2000. (Def. Philip Morris's Memo. in Supp. of Mot. for Summ. J. 6 n. 4) ("Philip Morris's MSJ"). Instead, Philip Morris afforded plaintiff an additional opportunity to correct her behavior, but elected to discharge Hodges for her third violation of the substance abuse policy within three years. (Rath Dep. 47–48.)

Philip Morris also dismisses Plaintiff's claim that "Deborah Tarantino...threatened Plaintiff to discharge her as a result of Plaintiff's taking FMLA leave and absences due to her back and hip problems" (Pl.'s Memo. in Opp. to Mot. for Summ. J. 11) ("Pl.'s Mem.") as having no bearing on summary judgment. Philip Morris contends that it never denied Plaintiff FMLA leave, and the Union's grievance minutes do not contain any argument by Hodges to support such a theory. Moreover, Philip Morris argues that Plaintiff's complaint is devoid of any FMLA retaliation claim. (See Hodges Dep. 83, 220; Giles Dep. Ex. 1, 2).

## C. Plaintiff's Argument in Opposition to Summary Judgment

Plaintiff argues that there are material facts genuinely in issue. Plaintiff argues that the breathalyzer machine was not properly calibrated and that, under Philip Morris's collective bargaining agreement ("CBA") with the Union, the reliability of the breathalyzer machine is a significant and relevant factor in determining whether Philip Morris had just cause to discharge her.

Plaintiff says that although she had valid reasons for not completing the EPA program which she relayed to Philip Morris,

she got no satisfactory response. Furthermore, her thirty-day suspension without pay was not discipline because it was not properly documented as a substance abuse violation.

Plaintiff contends that the Union's failure to pursue arbitration in her case was arbitrary and perfunctory, not merely negligent or in poor judgment. She argues that its inaction amounted to a breach of its duty of fair representation. In addition, Plaintiff argues, the Union has adopted a practice of avoiding arbitration in cases relating to Philip Morris's enforcement of the substance abuse policy.

## II. DISCUSSION

### A. Jurisdiction and Venue

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 based on a federal question involving the Labor Management Relations Act, specifically 29 U.S.C. § 185. Venue is proper because all of the allegations stem from actions that occurred within the Eastern District of Virginia.

### B. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party has the initial burden of demonstrating a failure to prove a material element, but, if that burden is met, the non-moving party is obligated to set forth specific facts that prove the existence of a genuine issue that must be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court considering a motion for summary judgment "must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor." *Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir.1993); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Credibility determinations, weighing evidence, and drawing reasonable inferences are jury functions, not those of a judge when deciding a motion for summary judgment. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### C. Analysis

■ Plaintiff filed this action against Philip Morris for breach of the collective bargaining agreement pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against the Union for violation or breach of its duty of fair representation. This case is a "hybrid" action where, in order to prevail on the merits against either party, an employee must prove *both* 1) that the Union breached its duty of fair representation, *and* 2) that her employer violated the collective bargaining agreement. *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir.2002). *See also DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476, (1983). Although both claims are brought in one suit, a cause of action "will only lie against an employer if the union has breached its duty or fair representation of the employee." *Amburgey v. Consolidation Coal Co.*, 923 F.2d 27, 29 (4th Cir.1991) (citing *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). An employee "must prevail upon his unfair representation claim before he may even litigate the merits of his § 301 claim against the employer." *Thompson*, 276 F.3d at 656.

■ Plaintiff's claims against the Union and Philip Morris are "interlocked: neither claim is viable if the other fails." *See*

*Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1241 (7th Cir.1997). Accordingly, because federal courts review allegations against employers for breach of collective bargaining agreements *only* when an employee has first proved that the union representing her breached its duty of fair representation, this Court will first address Hodges's claim against the Union. *Thompson*, 276 F.3d at 657.

 In this Court's opinion, the evidence does not support Plaintiff's claim that the Union's decision not to arbitrate her discharge was arbitrary. The Union's decision to arbitrate a grievance is measured by an objective standard. To be "arbitrary," a union's conduct toward its member must be so far outside the range of reasonableness that it is wholly irrational. *Thompson*, 276 F.3d at 657. The facts show that on May 21, 2000, Hodges failed a breathalyzer test. For whatever reason, Plaintiff chose not to grieve the resulting discipline. (Hodges Dep. 33.) On June 5, 2000, she failed a second breathalyzer test. She received a thirty-day suspension without pay. (Hodges Dep. 40.)[2] Again Plaintiff did not grieve this disciplinary action. On April 2, 2002, Hodges failed a third breathalyzer test and was discharged based on Philip Morris's strict enforcement of the substance abuse policy. (Hodges Dep. 44 & 46.)

On April 16, 2002, the Union filed a grievance on Hodges's behalf and pursued it through all procedural steps except arbitration. The Union thoroughly reviewed all of the issues raised by Hodges and concluded that pursuing arbitration would be futile based on clear proof of a violation of the substance abuse policy. An employee has no absolute right to insist that her grievance be taken to a certain level; a "union may screen grievances and press only those that it concludes will justify the

expense and time involved in terms of benefitting the membership at large." *Thompson*, 276 F.3d at 658.

Here, the Union's decision not to pursue arbitration cannot be considered irrational by any objective standard. The Union initiated the grievance at Hodges's request. It investigated the grievance and made a variety of arguments at the third- and fourth-step grievance meetings. After considering Philip Morris's position, the Union voted unanimously not to arbitrate. It did not turn a blind eye to a worthy grievance. Rather, the Union decided not to pursue a grievance that it believed would not prevail.

 As to the second and third prongs of the analysis, there is simply no evidence that the Union discriminated against or acted in bad faith toward the plaintiff. Unlike the issue of arbitrariness, these elements of the analysis are reviewed by a subjective standard. *See Crider v. Spectrulite Consortium*, 130 F.3d 1238,1243 (1997). As exclusive bargaining representatives for all employees in a bargaining unit, a union has the duty to treat every member of the union fairly, both in the process of collective bargaining and in the administration and enforcement of the collective bargaining agreement. *Smith v. Local 7898*, 834 F.2d 93, 96 (4th Cir.1987) (citing *Vaca*, 386 U.S. at 177, 87 S.Ct. 903). Even " '[h]onest, mistaken conduct' does not violate the union's duty of fair representation." *Smith*, 834 F.2d at 96.

 It is undisputed that the Union filed a grievance on Hodges's behalf. It is also clear that the Union was justified in concluding that Hodges had violated Philip Morris's "three strikes and you are out" policy and that she was discharged consistent with the substance abuse policy in

---

**2.** See Footnote 1. The Court does not accept Plaintiff's argument that the 30-day suspension does not constitute a disciplinary action of record.

place at that time. The Union followed all of the proper procedural steps. Its unanimous decision not to arbitrate was a rational one based on the documents at hand. "Simple negligence, ineffectiveness or poor judgment is insufficient to establish a breach of the union's duty." *Ash v. United Parcel Service,* 800 F.2d 409, 411 (4th Cir.1986). On the contrary, the plaintiff has failed to show any evidence demonstrating that the Union's decision not to arbitrate was inconsistent with the its position in any prior substance abuse cases. In order to proceed to trial, the evidence and inferences therefrom must create a "real factual dispute" about gross deficiencies in union conduct. *See Ash v. United Parcel Service, Inc.,* 800 F.2d 409, 412 (4th Cir.1986). Plaintiff has failed to present any facts that show that her discharge was unwarranted or that the Union's decision not to arbitrate constitutes poor representation. When the evidence does not tend to establish the severely deficient union conduct required for a breach of the duty of fair representation, summary judgment is appropriate. *Id.*

Finally, even if the Court were to find that Plaintiff's claim as to the Union had merit, Plaintiff fails to show that Philip Morris did not have "just cause" when it discharged Hodges. *See Vaca,* 386 U.S. at 190, 87 S.Ct. 903. "It is well-established that federal common law, rather than state law, governs the construction of the terms of a collective bargaining agreement." Courts must assess termination challenges under a federal standard as to what constitutes "just cause." "It is settled that 'just cause is a flexible concept, embodying notions of equity and fairness.' 'Just cause' is simply 'what is fair and reasonable, when all of the applicable facts and circumstances are considered.'" *See generally, Power v. Kaiser Foundation Health Plan of Mid–Atlantic States & Local 400,* 87 F.Supp.2d 545, 554 (E.D.Va. 2000).

It is undisputed between the parties that the operative language in the CBA is "just cause." "Whether the undisputed facts of a particular case establish just cause is a question of law for the court." *Crider,* 130 F.3d at 1242. Based on the evidence submitted by all of the parties to this action, the Court finds that Philip Morris had "just cause" to terminate the plaintiff. Philip Morris applied and enforced the substance abuse policy in a fair and reasonable manner, given all the facts and circumstances known to Philip Morris at the time.

Based on all factors taken into consideration, including deposition testimony presented by the parties, the Court finds that summary judgment is warranted.

## III. CONCLUSION

For the reasons already stated, the Court will grant Defendants' Motions for Summary Judgment and dismiss Plaintiff's Complaint.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.